IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATHAN PARK, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | Civil Action No. 3:24-00402-S |
| TRAVIS FOX, ALLREALMS, INC., | § | |
| STATE BIRD CORP., BRYANT | § | Hon. Karen Gren Scholer |
| ANDRUS, MODERN FORTRESS, INC., | § | |
| MODERN EMINENCE LLC, and | § | |
| MICHELLE FOX, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Nathan Park files this his Amended Complaint against Travis Fox, AllRealms, Inc., State Bird Corp., Bryant Andrus, Modern Fortress Inc., Modern Eminence, LLC and Michelle Fox and in support thereof respectfully shows as follows:

**I.
PARTIES AND PROCESS**

1. Nathan Park is an individual residing in Rockwall County, Texas.

2. Travis Fox is an individual and is a citizen of the State of Nevada and has appeared in this Lawsuit.

3. AllRealms, Inc. ("AllRealms") is a Utah company with its principal place of business in Nevada and has appeared in this Lawsuit.

4. State Bird Corp. ("State Bird") is a Utah company with its principal place of business in Arizona and has appeared in this Lawsuit.

5. Bryant Andrus ("Andrus") is an individual and is a citizen of the State of Utah and has appeared in this Lawsuit.

6. Modern Fortress Inc. ("Modern Fortress") is a Utah corporation with its principal place of business in Nevada and has appeared in this Lawsuit.

7. Modern Eminence LLC ("Modern Eminence") is a Nevada limited liability company with its sole member being AllRealms, Inc. with its principal place of business in Nevada and has appeared in this Lawsuit.

8. Michelle Fox (Eberhard) is an individual and is a citizen of the State of Nevada and has appeared in this Lawsuit.

## II.
## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332, as Plaintiff and Defendants are citizens of different States (as Defendants assert in their Removal papers).

10. At all relevant times to this actions, Defendants did business in Texas, including in Rockwall and Hunt Counties, Texas

11. Venue is proper in the United States District Court for the Northern District of Texas, pursuant to 28 U.S.C. Section 1391(b)(2) and (3).

## III.
## BACKGROUND FACTS

12. In or late Spring 2023, Park was approached by Travis Fox and Andrus about getting involved in investing money relating to projects and potential projects they were working on and that Park's Native American heritage may be useful to them. Travis Fox, Michelle Fox and Andrus and an individual named Chris Gergen came to Texas on multiple occasions and met with

Park in Hunt County and even came to Park's home in Heath, Texas for further discussions as to Park investing money with them. In these meetings with Park, they described various investments and projects that they were working on and that they needed someone with Native American heritage involved. Andrus represented to Park that he was a principal with State Bird Corp. and was involved in soliciting investments and providing investment advice. Andrus did not disclose that he had a formal relationship with AllRealms, Modern Eminence and Modern Fortress, but it was later learned that Andrus was on the Board of Directors of AllRealms and had other involvement with Modern Eminence and Modern Fortress.

13. In these meetings, Travis Fox stated that he was an owner of AllRealms and related companies, including Modern Fortress, Modern Eminence, and Modern Fortress Operations, LLC. (Modern Fortress Operations, LLC subsequently entered into a lease for commercial property in Hunt County, Texas, owned by Park's company Park Construction & Building Maintenance, LLC, and Modern Fortress Operations, LLC then defaulted on the lease and paid nothing and such matter is in litigation in Hunt County.) Michelle Fox told Park that she was involved in these entities and was CEO. Travis Fox, Michelle Fox and Andrus told Park that they had many other investors and funds and would use Park's funds in projects and future projects, and keep him advised as to such matters. Based on the various representations that they made to Park, Park was induced to and delivered on or about June 20, 2023, a $250,000 Cashier's Check made payable to AllRealms and deposited it into an account of AllRealms.

14. Thereafter, Defendants' communications with Park significantly decreased. Park frequently requested information and documentation from Defendants about the $250,000 and other financial information as to Defendants and projects. Park was initially put off by Defendants and was told that he would get some information, but thereafter Defendants went silent as to Park's

requests. Park then demanded the return of the $250,000, and Defendants initially responded that the $250,000 would be returned to Park, but Defendants again went silent.

15. On or about October 13, 2023, Modern Eminence purchased real property near Highway 66 in Caddo Mills, Hunt County, Texas, for $1,000,000 (the "Caddo Mills Property"), and such property was to be used on Defendants' projects related to Park's payment of the $250,000. It is believed that all or part of the $250,000 paid by Park was used to purchase the Caddo Mills Property. It has been recently learned that after Park demanded the return of the $250,000, Defendants began attempts to sell the Caddo Mills Property, likely so that such assets could be secreted and to avoid the claims of Park.

16. Park also has learned that Travis Fox and his associates along with Andrus and others at State Bird Corp. without authority from Park, used Park's name and the name of his company--Park Construction & Building Maintenance, LLC--to try and solicit investors to AllRealms, Modern Fortress and/or Modern Eminence, despite Park advising them not to do such.

17. Park has further learned that Defendants have used Park's name, without any authority, for a submission of an application for public funds to the Department of Economic Development of the State of Nebraska. Park demanded information from Andrus and State Bird as to why his name was being used without his authority or consent, and again Park has received no response whatsoever.

## IV.
## FRAUD

18. Plaintiff realleges and incorporates herein paragraphs 12 to 17 of this Complaint.

19. Defendants have made various misrepresentations to Park with the intent to cause him to pay them $250,000. Park relied on these misrepresentations was induced pay them

$250,000. Thereafter, Defendants have refused to communicate with him and would not return the $250,000.

20. As a result of the Defendants' actions, Park has been damaged in the amount of $250,000, plus additional damages.

21. Park additionally seeks exemplary damages against Defendants for their actions.

22. Constructive Trust. Park additionally seeks the imposition of a constructive trust on the $250,000, including that which may have been used for the purchase of the Caddo Mills Property.

## V.
## CONSPIRACY

23. Park realleges and incorporates herein paragraphs 12 to 22 of this Complaint.

24. Defendants have acted together with the purpose of fraudulently obtaining $250,000 from Park. As a result of such actions, Park has been damaged in the amount of $250,000, plus additional damages.

25. Park additionally seeks exemplary damages against Defendants for their actions.

## VI.
## ATTORNEYS' FEES

26. As a result of the Defendants' actions, they are obligated to pay Plaintiff his reasonable attorneys' fees and costs herein incurred. Park has found it necessary to employ the undersigned attorneys to bring suit. Park is, therefore, entitled to recover his reasonable attorneys' fees through trial and all appeals.

## VII.
## INJUNCTIVE RELIEF

27. Through its filing of a Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiff seeks that $250,000 of the proceeds of the sale of the Caddo Mills Property

be placed in the Court's Registry or some other appropriate escrow until file a determination of the claims in this Lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Nathan Park prays that upon final hearing, Plaintiff be awarded judgment against Defendants Travis Fox. AllRealms, Inc., State Bird Corp., Bryant Andrus, Modern Fortress Inc., Modern Eminence, LLC, and Michelle Fox, jointly and severally, for damages, exemplary damages, attorneys' fees, pre- and post-judgment interest, and Court costs.

Respectfully submitted,

By:  */s/ Scott Hayes*
SCOTT HAYES
State Bar No. 09280050
shayes@wslawpc.com
**WADDELL SERAFINO GEARY RECHNER JENEVEIN, P.C.**
Comerica Bank Building
1717 Main Street, 25th Floor
Dallas, Texas 75201
(214) 979-7400
(214) 979-7402 – Fax

**ATTORNEYS FOR PLAINTIFF NATHAN PARK**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been sent to the Defendants' by and through its counsel of record, as listed below via e-service on this 24th day of February 2024.

James E. Sherry
jsherry@mccathernlaw.com
Carl Evans, Jr.
cevans@mccathernlaw.com

*/s/ Scott Hayes*
SCOTT E. HAYES