IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATHAN PARK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-402-S-BN |
| | § | |
| TRAVIS FOX, ET AL., | § | (Consolidated with: |
| | § | No. 3:24-cv-3072-S-BN) |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
WITHOUT PREJUDICE MOTION TO WITHDRAW**

Movants John Nelson, Heather Frayre, Payne Keinarth, and Dickinson Wright PLLC move to withdraw as counsel for Defendants Travis Fox, AllRealms, Inc., State Bird Corp., Bryant Andrus, Modern Fortress, Inc., Modern Eminence LLC, and Michelle Fox, citing as good cause "the financial burden that will be placed on Defendants by counsel's continued representation." Dkt. No. 67.

A lawyer who agrees to represent a client is generally "expected to work through the completion of a case." *Fed. Trade Comm'n v. Intellipay, Inc.*, 828 F. Supp. 33, 33 (S.D. Tex. 1993); *accord Streetman v. Lynaugh*, 674 F. Supp. 229, 234 (E.D. Tex. 1987).

And attorneys may not withdraw as counsel of record until certain requirements are satisfied.

Ultimately, the question of whether these requirements have been met such that withdrawal is warranted is "entrusted to the sound discretion of the [trial] court." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (citation and quotation marks

omitted).

The first withdrawal requirement is that attorneys may only withdraw "upon leave of the court and a showing of good cause and reasonable notice to the client." *Id.*

The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal. *See Intellipay*, 828 F. Supp. at 34 ("The record must generally reflect an appropriate basis for granting leave [to withdraw]; unsubstantiated claims are insufficient.").

A court's determination whether an attorney has good cause to withdraw depends on the facts and circumstances of the particular case. And, "[i]f a district court is not persuaded that good cause for withdrawal exists, it has substantial latitude to deny an attorney's motion to withdraw. This is especially true where … an attorney seeks to withdraw over his client's objection." *White v. BAC Home Loans Servicing, LP*, No. 3:09-cv-2484-G, 2010 WL 2473833, at *1 (N.D. Tex. June 15, 2010) (citations omitted).

Although good cause to withdraw may exist where the client "refuses to pay for services," *Augustson v. Linea Aerea Nacional-Chile S.A. (LAN Chile)*, 76 F.3d 658, 663 (5th Cir. 1996), the inquiry does not end there. Because, even if "good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *Denton v. Suter*, No. 3:11-cv-2559-N, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013) (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. Jan. 1981)).

And, so, courts typically "consider certain additional factors before allowing an attorney to withdraw." *Id.* "Premier among these factors are considerations of undue delay in the proceedings, prejudice to the client, and the interests of justice." *Dorsey v. Portfolio Equities, Inc.*, No. 3:04-cv-472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008) (citing *Broughten*, 634 F.2d at 882; *Honda Power Equip. Mfg., Inc. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003)).

The Court denies Movants' request for leave to withdraw as counsel for Defendants without prejudice to their ability to renew their request through a motion that adequately addresses all factors set out above.

For example, Movants indicate that "[t]here is no substitution of counsel [for Defendants] at this time." Dkt. No. 67, ¶ 2.

But the entity defendants may not proceed *pro se*. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("[L]ower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel."); *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) ("The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" (quoting *K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982) ("This is so even when the person seeking to represent the corporation is its president and major stockholder." (citation omitted)))); *Joe Hand Promotions, Inc. v. Behind the Fence, LLC*, No. 16-00196, 2016 WL 5416836 (W.D. La. Aug. 22, 2016) ("Under settled interpretations

- 4 -

applicable to 28 U.S.C. § 1654, an LLC may not appear pro se or through a non-attorney in federal court.").

And, so, the Court finds a particular risk of delay and prejudice resulting from Movants' requested withdrawal – which they must adequately address before the Court may grant their motion.

SO ORDERED.

DATED: July 2, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE