IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATHAN PARK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-402-S-BN |
| | § | |
| TRAVIS FOX, ET AL., | § | (Consolidated with: |
| | § | No. 3:24-cv-3072-S-BN) |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING UNOPPOSED
MOTION FOR A SECOND AMENDED SCHEDULING ORDER**

The Court entered an Amended Initial Scheduling Order [Dkt. No. 64] on April 5, 2025 after noting that, although an initial scheduling order was entered under Federal Rule of Civil Procedure 16(b) on March 5, 2024, *see* Dkt. No. 26, considering recent developments in this case, including the Court's consolidating into this action a lawsuit transferred from the District of Nevada to this district in December 2024, *see* Dkt. No. 45, the Court found it appropriate to require the parties to again meet and confer to determine if the expired deadlines in the 2024 order should be modified to allow this consolidated action to proceed as expeditiously as possible, *see* Dkt. No. 55.

Defendants AllRealms, Inc., Modern Fortress, Inc., Modern Eminence LLC, Michelle Fox, and Travis Fox have now filed an unopposed motion to amend the amended Rule 16(b) order, explaining in part:

> All Defendants need time to address the likely possibility that some or all of them will need new counsel in this case, for reasons to be explained further in a later filing. To assist in this process, Movants respectfully request a Second Amended Scheduling Order extending by

> six months all deadlines in the Court's Amended Scheduling Order.
> Plaintiff is unopposed to the relief sought in this Motion.
> Defendants State Bird and Bryant Andrus are unopposed to the relief sought in this Motion.
> This case has been dormant (or nearly dormant) for months.

Dkt. No. 69 (cleaned up).

Federal Rule of Civil Procedure 16(b)(4)'s good cause standard applies to requests to amend a deadline imposed by the Court under Rule 16(b). *See, e.g.*, Dkt. No. 64, ¶ 9 ("The deadlines set forth in this order will not be modified except on written motion for good cause shown. *See* FED. R. CIV. P. 16(b)(4).").

This "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024) (cleaned up; quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)).

"Failure to meet that threshold" through a sufficient explanation is reason alone to deny a Rule 16(b)(4) motion. *Id.*

That is because "merely proffering *an* explanation is not enough. Rather, that explanation has to be 'adequate,' and an 'adequate' explanation is something more than 'inadvertence.'" *Id.* at 372 (emphasis in original; quoting *S&W Enters.*, 315 F.3d at 536); *cf. Puig v. Citibank, N.A.*, 514 F. App'x 483, 488 (5th Cir. 2013) (per curiam) ("[T]o determine whether the district court abused its discretion in finding no good cause to modify its scheduling order, we look to the [party's] diligence in [obtaining compliance] within the scheduling order's timeline.").

And inadvertence alone "is tantamount to no explanation at all." *S&W Enters.*,

315 F.3d at 536.

So the parties' admission that, even though a Rule 16(b) schedule is in place, "[t]his case has been dormant (or nearly dormant) for months" is reason alone to deny their request for an extension.

But, even if the Court also considers that the defendants "need time to address the likely possibility that some or all of them will need new counsel in this case" that too is not enough to show good cause under Rule 16(b)(4).

"Mere substitution of counsel is not the type of satisfactory explanation for which relief may be granted under Rule 16. And a recent change of counsel does not entitle a party to attempt to undo the strategic choices made by the party's prior counsel." *McMahan v. U.S. Bank Nat'l Ass'n*, No. 4:22-CV-01525, 2024 WL 2242687, at *6 (S.D. Tex. Febr. 9, 2024) (cleaned up).

"Sometimes a prior counsel's actions or inactions might perhaps give rise to good cause for amending a scheduling order." *Id.* (citation omitted).

But, "[e]ven when a party does contend that an attorney's actions or inactions justify amendment of the scheduling order, that party – who carries the burden of demonstrating good cause under Rule 16(b) – is rightly expected to make some specific showing, or at least a specific allegation, that prior counsel's action or inactions negatively impacted the movant's case." *Id.* (citing *Leza v. City of Laredo*, 496 F. App'x 375, 377 (5th Cir. 2012) (per curiam) (observing that where "the party seeking to re-open discovery fails to make any specific allegations to support his claim that the action or inaction of his previous attorney negatively impacted his case, such

that good cause for an amendment would exist, we cannot conclude the district court abused its discretion in denying the motion"); *cf. Boston v. Franks*, No. 3:18-cv-1630-B, 2019 WL 13193862, at *2 (N.D. Tex. July 1, 2019) (observing that "[a] previously *pro se* party's recent retention of counsel may inform the Court's decision with respect to" the Rule 16(b)(4) factors (citation omitted)).

In sum, Defendants' explanation as to the need for a six-month extension lacks factual content from which the Court may infer that they acted with diligence such that there is good cause to grant an extension under Rule 16(b)(4).

For these reasons, Defendants' unopposed motion for second amended scheduling order [Dkt. No. 69] is DENIED.

But this denial is without prejudice to Defendants' ability to renew their request through a motion that demonstrates good cause under Rule 16(b)(4).

SO ORDERED.

DATED: August 11, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE