IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATHAN PARK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-402-S-BN |
| | § | |
| TRAVIS FOX, ET AL., | § | (Consolidated with: |
| | § | No. 3:24-cv-3072-S-BN) |
| Defendants. | § | |

**ORDER GRANTING RENEWED MOTION TO WITHDRAW AS COUNSEL
AND STAYING AND ADMINISTRATIVELY CLOSING ACTION**

United States District Judge Karen Gren Scholer referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 7.

On August 25, 2025, Defendants Allrealms, Inc. and Modern Eminence, LLC notified the Court that they filed voluntary Chapter 7 bankruptcy petitions. *See* Dkt. No. 71. And, two days later, the Court entered an order to obtain the parties' views on the effect of these bankruptcy filings on the claims in this case – particularly those against Allrealms and Modern Eminence's co-defendants – considering the automatic stay provisions of 11 U.S.C. § 362. *See* Dkt. No. 72 (citations omitted).

Plaintiff Nathan Park filed a brief on September 10 explaining that, in his view, he should be allowed to proceed against the three co-defendants: Travis and Michelle Fox and Modern Fortress, Inc. *See* Dkt. No. 73. Six days later, Park filed a notice suggesting that the Foxes filed for bankruptcy under Chapter 7 and supplemented his brief to inform the Court that he was "reviewing … his position as

to proceeding against Modern Fortress. Dkt. Nos. 74 & 75; *see also* Dkt. No. 76 (Sept. 17 suggestion of bankruptcy for the Foxes filed by their counsel).

On September 23, Defendants filed their brief in response to the August 27 order, *see* Dkt. No. 77, providing, in sum, that considering the four co-defendants' bankruptcy petitions, "[t]his case presents 'unusual circumstances' warranting an extension of the automatic stay to … Modern Fortress," as "a wholly-owned subsidiary of Modern Eminence, LLC," because "[a]ny judgment against Modern Fortress would inevitably deplete its assets, directly harming its parent company's bankruptcy estate"; "[c]onversely, defending this suit would force the estate to expend resources on Modern Fortress's behalf"; and "[t]he entities are inextricably intertwined," *id.*, ¶ 5.

The same day, Movants John Nelson, Heather Frayre, Payne Keinarth, and Dickinson Wright PLLC renewed their motion to withdraw as counsel for Defendants. *See* Dkt. No. 78; *see also* Dkt. Nos. 67 & 68.

Considering all these filings, the Court ordered Park to supplement his brief as to the need to stay all proceedings in this case and to respond to Movant's renewed motion to withdraw. *See* Dkt. No. 79.

Park did so timely, explaining that, "[u]nder the circumstances presented here, Plaintiff agrees that the automatic stay should extend to Modern Fortress"; "Plaintiff does not oppose the [renewed motion to withdraw]"; and, "by separate filing, Plaintiff will dismiss his claims against State Bird Corp and Bryant Andrus." Dkt. No. 80.

Considering this response, there is no need for a reply brief from Movants. *See*

Dkt. No. 79.

And, so, the Court finds that there is good cause and reasonable notice to the client, *see In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989), and "that the prosecution of the lawsuit before [the Court, where it now stands, will] not [be] disrupted by the withdrawal of counsel," *Denton v. Suter*, No. 3:11-cv-2559-N, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013) (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. Jan. 1981)), and GRANTS Movant's renewed motion to withdraw as counsel for Defendants [Dkt. No. 78].

The Court further finds that it should "exercise its discretion to stay a proceeding against a non-bankrupt co-defendant in the interests of justice and in control of its docket." *Gardner v. Specialized Loan Servicing LLC*, No. 3:21-cv-2804-G-BN, 2023 WL 2718432, at *4 (N.D. Tex. Mar. 8, 2023) (cleaned up; quoting *Blundell v. Home Quality Care Home Health Care, Inc.*, No. 3:17-cv-1990-L-BN, 2017 WL 5889715, at *3 (N.D. Tex. Nov. 29, 2017) (citing, in turn, *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983))), *rec. accepted*, 2023 WL 2727548 (N.D. Tex. Mar. 30, 2023).

Such a discretionary stay "can be justified only if, based on a balancing of the parties' interests, there is a clear inequity to the suppliant who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) (citation omitted).

And the Court is persuaded that such a stay is justified here where "the

allegations raised against [Modern Fortress] are inextricably interwoven with claims against [Modern Eminence, LLC], such that severance of the claims would be inappropriate." *Gigi's Cupcakes, LLC v. 4 Box LLC*, No. 3:17-cv-3009-B, 2019 WL 1767003, at *3 (N.D. Tex. Apr. 22, 2019) (cleaned up).

In sum, because this proceeding should be stayed as to all defendants, this proceeding is STAYED subject to it being lifted upon the motion of any party if an applicable Section 362(a) automatic stay is lifted by a bankruptcy court, and ALL PENDING DEADLINES ARE TERMINATED.

The right to seek the lifting of the stay shall continue until 30 days after the applicable bankruptcy proceeding has concluded.

And, considering this stay, the Court further determines that this civil action should be, and is hereby, ADMINISTRATIVELY CLOSED. Nothing in this order shall be considered a dismissal or disposition of this case, as "[t]he effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; i.e., administratively closed cases are not counted as active." *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004) (citation omitted). But the United States District Clerk is instructed to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records.

SO ORDERED.

DATED: October 7, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE